UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| Juan Marquis HOLIDAY,<br><br>　　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>Unknown Officer or Officers of the San Diego Police Department,<br><br>　　　　　　　　　　Defendants. | Case No.: 3:23-cv-1069-AGS-MMP<br><br>**ORDER: (1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS (ECF 5) AND**<br><br>**(2) DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM** |
|---|---|

Plaintiff Juan Marquis Holiday, a federal inmate proceeding without an attorney, filed a civil-rights action based on 42 U.S.C. § 1983. (*See* ECF 1.) Holiday alleges his Fourth Amendment rights were violated when unnamed San Diego Police Officer(s) entered his home without a warrant. (*Id.* at 5.) The Court denied Holiday's application to proceed *in forma pauperis* and dismissed the case without prejudice. (ECF 4.) Plaintiff then filed a timely renewed motion to proceed IFP. (ECF 5.) For the reasons below, the Court grants Holiday's IFP application but dismisses the complaint without prejudice and with leave to amend.

## I.　　MOTION TO PROCEED IFP

Parties instituting most civil actions in federal court must pay a filing fee of $402.[1] *See* 28 U.S.C. § 1914(a). A party may initiate a civil action without prepaying the required

---

[1] In cases filed before December 1, 2023, civil litigants must pay an administrative fee of $52 in addition to the $350 filing fee. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2021)). The additional $52 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

1

filing fee if the Court grants leave to proceed IFP. *See* 28 U.S.C. § 1915(a); *Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007).

To proceed IFP, plaintiffs must establish their inability to pay by filing an affidavit regarding their income and assets. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). Prisoners seeking to establish an inability to pay must also submit a "certified copy of the [prisoner's] trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. §§ 1915(b)(1) & (4). Prisoners who proceed IFP must repay the statutory fee in installments regardless of whether their action is ultimately dismissed. 28 U.S.C. § 1915(b)(2); *Bruce v. Samuels*, 577 U.S. 82, 84 (2016).

In support of his motion, Holiday provided a copy of his prison certificate and trust account statement. (ECF 5, at 8–10.) During the six months before filing suit, Holiday had an average monthly balance of $196.00, average monthly deposits of $196.00, and an available account balance of $6.54 at the time he filed suit. (*Id*. at 8.) The Court finds Holiday has established an inability to pay the required $350 filing fee and grants his IFP motion. While the Court assesses no initial payment, Holiday will be required to pay the full $350 filing fee in installments to be collected from his trust account as set forth in 28 U.S.C. § 1915(b)(2).

## II.   SCREENING

### A.   Legal Standards

Under 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b), the Court must screen a prisoner's IFP complaint and *sua sponte* dismiss it to the extent that it is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (*en banc*); *Rhodes v. Robinson*, 621 F.3d 1002,

2

1004 (9th Cir. 2010). "The standard for determining whether Plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Rule 12(b)(6) requires that a complaint to "contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. *Id*. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*

To state a claim under § 1983, a plaintiff must plausibly allege "both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

### B.    Plaintiff's Allegations

Holiday alleges that on February 7, 2017, an unnamed San Diego Police Department officer entered his home on Paseo Aurora Road without a warrant. (*See* ECF 1.) Holiday claims that an SDPD officer was investigating a citizen's report that "a man was hitting a child in the backseat of a blue Jaguar" and was looking for the owner of a blue Jaguar, "M.R.," who the officer believed lived at the Paseo Aurora residence. (*Id.* at 3.) When the officer arrived at the residence there was no blue Jaguar in the driveway. The officer went to the front door, which was closed, found it unlocked, opened it without knocking, and entered. (*Id.*) The officer had no warrant. (*Id.*)

Holiday and his wife were home at the time and "confronted" the officer. (*Id.*) Holiday was "fearful as to the officer's motivation" and therefore answered the officer's questions. (*Id.* at 4.) The officer asked Holiday his name, which he provided. The officer then inquired whether Holiday owned a blue Jaguar, to which Holiday responded, "no." (*Id.*) At some point during the encounter, the officer turned on his bodycam. (*Id.* at 5.)

3

Footage from the officer's bodycam was later introduced at Holiday's criminal trial on unrelated robbery charges.[2] (*Id.*)

On appeal of his criminal conviction, Holiday argued his constitutional rights had been violated by the warrantless entry and the United State Court of Appeals for the Ninth Circuit agreed—holding, in a published decision, that the February 7, 2017 warrantless entry into the Paseo Aurora residence violated Holiday's Fourth Amendment rights. (*Id.* at 5); *see also United States v. Holiday*, 998 F.3d 888 (9th Cir. 2021), *cert. granted*, *vacated on other grounds and remanded by Holiday v. United States*, 142 S. Ct. 2857 (2022)).

In his complaint, Holiday contends his Fourth Amendment right to be free from unreasonable searches was violated when law enforcement entered his residence without a warrant. (ECF 1, at 1–5.) He seeks declaratory relief and money damages. (*Id.* at 7.)

### C. Discussion

#### 1. *Fourth Amendment Claim and Unnamed Defendant(s)*

Holiday alleges his Fourth Amendment rights were violated by "Unknown Officer or Officers of the San Diego Police Department."[3] (ECF 1, at 1.) The Fourth Amendment guarantees citizens the right "to be secure in their persons . . . against unreasonable . . . seizures" of the person. *Graham v. Connor*, 490 U.S. 386, 394 (1989). And "searches and seizures inside a home without a warrant are presumptively unreasonable." *Payton v. New York*, 445 U.S. 573, 590 (1980) (stating "physical entry of the home is the chief evil against which the wording of the Fourth Amendment is directed"). Taking Holiday's allegations

---

[2] It appears the officer's bodycam footage showed Holiday wearing shoes consistent with a witness's description of a robbery suspect's footwear. *See United States v. Holiday*, 998 F.3d 888 (9th Cir. 2021). This evidence was later introduced against Holiday at his criminal trial. *See id.*

[3] While Holiday's reference to "Defendant(s)" makes it unclear how many defendants he is attempting to name, the factual allegations in the Complaint imply only one police officer entered the residence. (*See* ECF 1, at 4–5.)

as true, the Court finds he has asserted sufficient facts to "plausibly allege" a constitutional violation. Indeed, the Ninth Circuit has already concluded the warrantless entry into Holiday's home violated his constitutional rights.[4] *See Holiday*, 998 F.3d at 893–94.

Despite this finding, without the name(s) of the unknown defendant(s) the Court cannot order the U.S. Marshals' Service to serve Holiday's complaint. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3); *see also Hunter v. Sandoval*, No. 2:17-cv-09257-CJC-SHK, 2018 WL 6074562, at *4 (C.D. Cal. Aug. 31, 2018) ("[W]ithout any named defendants, the Court cannot order service of the Complaint." (citations omitted)). Because "the use of 'John Doe' or 'Jane Doe' to identify a defendant is not favored," *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980), other courts have concluded that when a plaintiff proceeding pro se and IFP states a claim against an unnamed defendant sufficient to survive screening, the appropriate course of action is to dismiss the complaint but to grant the plaintiff leave to amend substituting the true name of that defendant. *See, e.g.*, *Hunter*, 2018 WL 6074562, at *3–5 ("[I]f Plaintiff files a [first amended complaint] that only names Doe defendants . . . it will be subject to dismissal."); *Linsey v. Dzurenda*, No. 2:18-cv-00902-JAD-VCF, 2019 WL 7194560, at *2 (D. Nev. Dec. 26, 2019); *see also Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (in order to properly effect service under Rule 4 in an IFP case, the plaintiff is required to "furnish the information necessary to identify the defendant."); *Finefeuiaki v. Maui Cmty. Corr. Ctr. Staff & Affiliates*, CIV. NO. 18-00249 DKW-KJM, 2018 WL 3580764, at *6 (D. Haw. July 25, 2018) (noting that "[a]s a practical matter, the United States Marshal cannot serve a summons and complaint on an anonymous defendant."). Thus, the Court dismisses the complaint with leave to amend.

---

[4] The Ninth Circuit went on to conclude that the trial court's error in admitting evidence gathered as a result was harmless because there was sufficient additional evidence to support the verdict. *See Holiday*, 998 F.3d at 894 (holding that given "the strength of the other evidence, . . . the error in admitting the body camera evidence was harmless").

### 2. *Statute of Limitations*

Furthermore, it appears the claim is barred by the statute of limitations. A court may raise a statute of limitations bar *sua sponte* and dismiss a claim when the running of the statute of limitations is apparent on the face of the complaint. *See Levald, Inc. v. City of Palm Desert*, 998 F.2d 680, 686–87 (9th Cir. 1993). A complaint, however, may not be dismissed without leave to amend "unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Id*. (citation and internal quotations omitted); *see Jump San Diego, LLC v. Kruger*, 671 Fed. App'x 496, 497–98 (9th Cir. 2016) (stating plaintiff should be allowed to amend when "it is not certain that [plaintiff could] prove no set of facts that would establish the timeliness of the claim[s]").

Section 1983 does not contain its own limitations period and instead borrows the two-year limitations period for personal-injury claims applicable to the forum state of California. Cal. Civ. Proc. Code § 335.1; *see also Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004). In addition, California law allows for the limitation period to be tolled for up to two additional years if the plaintiff is, "at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life." Cal. Civ. Code § 352.1.

Generally, that clock begins to run "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *See Bonelli*, 28 F. 4th at 952 (quoting *Lukovsky v. City & Cnty. of San Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008)). "[F]ederal law holds that a cause of action for illegal search and seizure accrues when the wrongful act occurs . . . even if the person does not know at the time that the search was warrantless." *Belanus v. Clark*, 796 F.3d 1021, 1026 (9th Cir. 2015); *see also Klein v. City of Beverly Hills*, 865 F.3d 1276, 1279 (9th Cir. 2017) ("In a traditional Fourth Amendment case, the plaintiff is placed on constructive notice of the illegal conduct when the search and seizure takes place.").

Holiday's Fourth Amendment claim accrued on the date of the February 7, 2017

warrantless entry. Holiday filed this action on June 1, 2023, over six years after the claim accrued and over four years after the two-year limitation period expired. While, as discussed above, California law allows for two years of tolling based on a plaintiff's incarceration, it does not apply here because Holiday was not incarcerated "at the time the cause of action accrued." *See* Cal. Civ. Code § 352.1. Holiday was out of custody on February 7, 2017, the day of the search. (ECF 1, at 1.)[5] Yet even if he were entitled to two more years of tolling, the limitation period would have expired in 2021, and his claim would still be over two years late.

Although Holiday's complaint appears untimely, it's possible he could allege other facts to show other tolling applies that would make his claims timely. *See, e.g.*, *Hull v. Central Pathology Serv. Med. Clinic*, 28 Cal. App. 4th 1328, 1335 (1994) (discussing the equitable tolling requirements). Currently, though, Holiday has failed to plead any facts which, if proved, would support any plausible claim for other types of tolling. *See Cervantes*, 5 F.3d at 1277; *Hinton v. Pac. Enters.*, 5 F.3d 391, 395 (9th Cir. 1993) (stating the plaintiff carries the burden to plead facts which would give rise to equitable tolling).

Regardless, it is apparent on the face of the pleadings that the complaint was filed more than six years after the two-year clock started. *See Franklin v. Murphy*, 745 F.2d 1221, 1228–30 (9th Cir. 1984). Thus, the claim is dismissed without prejudice for failure to state a claim. *See Levald*, 998 F.2d at 687; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

### D. Leave to Amend

Because of his pro se status, and to permit Holiday the opportunity to identify the unnamed defendant(s) and allege additional facts that might support tolling, the Court

---

[5] Holiday was arrested on May 15, 2017, on federal criminal charges brought in this Court, and has been detained or incarcerated since then. *See United States v. Holiday*, 17-cr-1370-AJB (S.D. Cal.), ECF 2, 12, 184, 208.

grants Holiday leave to amend. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (cleaned up)).

### III.   CONCLUSION AND ORDER

For the reasons set forth above, the Court hereby:

1. **GRANTS** plaintiff's Motion to proceed IFP.

2. **ORDERS** the Director of the Federal Bureau of Prisons, her designee, or any agency later having custody, to collect from plaintiff's trust account the $350 filing fee owed by collecting monthly payments in an amount equal to twenty percent (20%) of the preceding month's income and to forward payments to the Clerk of the Court each time the amount in plaintiff's account exceeds $10. All payments must be clearly identified by the name and number assigned to this action.

3. **DISMISSES** the complaint without prejudice and with leave to amend.

4. **GRANTS** plaintiff until March 15, 2024, to file an amended complaint that cures the deficiencies noted in this Order. Plaintiff's amended complaint must be complete by itself without reference to any previous version of his pleading. *See* S.D. Cal. CivLR 15.1. If plaintiff fails to timely amend, the Court will enter a final Order dismissing this civil action.

Dated: January 12, 2024

Hon. Andrew G. Schopler
United States District Judge